*Eastern Dist.*
*Jan.* 1838.

OAKEY ET AL.
*vs.*
BEAUVAIS.

---

OAKEY ET AL. *vs.* BEAUVAIS.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT FOR THE PARISH OF POINT COUPEE, THE JUDGE OF THE SECOND PRESIDING.

Demand of payment must be made personally, or at the domicil of the drawer of a note, in order to bind the endorser, when no particular place is designated for payment.

It will not suffice, on the notary's being told, that the drawer had removed or lived in another parish, to refrain from any further demand, and merely to notify the endorser of the non-payment of the note. In such a case the endorser is released.

This is an action against the endorser of two promissory notes. On the 30th January, 1835, F. A. Blanc, of New-

EASTERN DIST. Orleans, executed his two notes for seven hundred dollars
Jan. 1838. each, payable to A. Beauvais, or order, six months after date,
OAKEY ET AL. and by him endorsed to S. W. Oakey & Co., the present
vs. plaintiffs. The notes were discounted in the bank of Loui-
BEAUVAIS. siana, and at maturity protested for non-payment. The
holders now pray for judgment against the endorser, who is
sued at his domicil in the parish of Point Coupee. The
defendant pleaded a. general denial, and denied expressly
that demand of payment was ever made of the drawer, and
that he is not liable as endorser. He prays that the plain-
tiffs' demand be rejected.

Upon these pleadings and issues the cause was tried.

The evidence showed that the drawer of the note resided
in New-Orleans, but was absent at the time the notes
became due, and returned about two months afterwards.
The notary states in his protest, " that he made diligent
inquiry for the drawer of said note, in order to demand
payment, and was informed that he , resides in Point
Coupee, and was not present in the city, whereupon he
protested, etc."

The district judge gave judgment for the defendant, and
the plaintiffs appealed.

*Slidell,* for the plaintiffs, contended, that the judgment of
the District Court was contrary to law and the evidence of the
case. From the evidence and the information given to the
notary, the drawer had removed from this parish, and there
was an impossibility of making a demand on him.

*Mitchell,* for the defendant, insisted, that the endorser was
not liable in this case. The note had never been presented
to the drawer for payment; and no demand of payment
having been made of the drawer, the endorser is discharged.
*Session Acts of* 1827, *page* 76, *section* 2, 3. *Chitty on Bills,*
*(ed.* 1817) 260, 261, 267, 268. 2 *Phillips on Evidence, page*
17, 18. 2 *Starkie* 259, *and notes.* 12 *Martin* 177. 3 *Martin,*
*N. S.,* 610.

*Carleton, J.,* delivered the opinion of the court.

This action is brought on two promissory notes against the endorser, who sets up for defence, that no demand was made upon the drawer at the maturity of the notes. The court sustained the plea, and gave judgment for defendant. The plaintiffs appealed. The cause was submitted to this court without argument.

The notes were executed and dated at New-Orleans, discounted in the bank of Louisiana, and taken up by the plaintiffs. The notary who protested them, being told that the maker lived at Point Coupée, made no further effort in search of him, but gave notice of non-payment by post, to the defendant.

The testimony fully shows, that Blanc, the maker, had his fixed domicil in New-Orleans, but left the city in March or April, 1835, passed several months at Point Coupée, and returned home in October of the same year.

There can be no doubt that the demand of payment ought to have been made personally of the maker, or at his domicil in New-Orleans ; none such having been made, no liability can attach to the endorser.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

EASTERN DIST.
*February,* 1838.

Demand of payment must be made personally, or at the domicil of the drawer of a note, in order to bind the endorser, when no particular place is designated for payment.

It will not suffice on the notary's being told that the drawer had removed or lived in another parish, to refrain from any further demand, and merely to notify the endorser of the non-payment of the note. In such a case the endorser is released.